## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| **CARL R. TITUS,** | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO:** |
| | § | |
| **PILGRIM'S PRIDE CORPORATION,** | § | |
| | § | |
| *Defendant.* | § | *DEMAND FOR JURY TRIAL* |

### PLAINTIFF'S ORIGINAL COMPLAINT
### AND JURY DEMAND

TO THE HONORABLE JUDGE:

Plaintiff, **CARL R. TITUS** files this Plaintiff's Original Complaint and Jury Demand against Defendant, **PILGRIM'S PRIDE CORPORATION**, for Race Discrimination, Color Discrimination, Disparate Treatment Employment Discrimination, Disparate Impact Employment Discrimination, Hostile Work Environment, Retaliation and Failure to Promote.  In support thereof Plaintiff states the following:

### I. PARTIES

1.     Plaintiff **CARL R. TITUS** is a dark skin toned, African American, male, employee with over six (6) years of service with Pilgrim's Pride Corporation, who resides in Titus County, Texas.

2.     Defendant **PILGRIM'S PRIDE CORPORATION**, is a Delaware Corporation with its corporate headquarters located in Greeley, Colorado, operating in 12 U.S. states as well as Mexico and Puerto Rico, with its local principal place of business located at: 1000 South Otyson Street, Mt. Pleasant, Texas 75455.  **PILGRIM'S**

**PRIDE CORPORATION** is a part of the JBS USA family.  JBS USA, a unit of JBS S.A. in Brazil currently owns 75.5% of the outstanding common stock. **PILGRIM'S PRIDE CORPORATION** can be served under Rule 4(j) (2) of the Federal Rules of Civil Procedure by serving: **CORPORATION SERVICE COMPANY DBA CSC LAWYERS INC.**, its registered agent for service or an owner, director or officer of the corporation or anyone else authorized to accept service at: **211 East 7th Street, Suite #620, Austin, Texas 78701**.

3.      At all times relevant herein the **PILGRIM'S PRIDE CORPORATION** has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## II. JURISDICTION

4.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451 (judiciary), 28 U.S.C. §1331 (federal question), 28 U.S.C. § 1337 (commerce), 28 U.S.C. §1343 (civil rights), 42 U.S.C. §2000e-5(f) (1) (unlawful employment practices), (Title VII Enforcement), 42 U.S.C. § 1981a (equal rights) and 42 U.S.C. § 1983 (civil rights).

5.      **PILGRIM'S PRIDE CORPORATION** is an employer within the meaning of the above statutes because it employs fifteen or more employees for each working day in each of twenty or more calendar weeks within a calendar year.

## III. VENUE

6.      The employment practices of the **PILGRIM'S PRIDE CORPORATION** alleged to be unlawful were committed within the jurisdiction of the Eastern District of Texas, Texarkana Division.  In addition, the **PILGRIM'S PRIDE CORPORATION** is located within the Eastern District of Texas, Texarkana Division.  Additionally most if not all of

the acts and failure to act complained of herein occurred within the Eastern District of Texas, Texarkana Division.   Accordingly, venue is proper pursuant to 28 U.S.C. §1391(b) (1) & (2).

## IV. PENDANT STATE LAW CLAIMS

7.      Plaintiff invokes this Court's jurisdiction pursuant to Rule 18(a) of the Federal Rules of Civil Procedure and 28 U.S.C. 1367 to hear and adjudicate claims arising out of the transactions set forth herein that violate rights and duties established by the laws of the State of Texas.

8.      The actions of the ***PILGRIM'S PRIDE CORPORATION*** are further actionable under the Texas Commission on Human Rights Act (TCHRA) which has been codified into Chapter 21 of the Texas Labor Code and all of the allegations contained within this complaint are incorporated into this claim by reference, as if they had been fully recited therein.

9.      The ***PILGRIM'S PRIDE CORPORATION*** has committed various torts against Plaintiff under Texas Law of which jurisdiction to adjudicate those torts rest with this court.

## V. EXHAUSTION OF ADMINISTRATION REMEDIES

10.     Prior to filing his original complaint, Plaintiff timely filed with the United States Equal Employment Opportunity Commission ("EEOC") within the appropriate number of days, his written initial charge of discrimination asserting race and color discrimination and failure to promote, against the ***PILGRIM'S PRIDE CORPORATION***, where it is reasonably expected that during the EEOC investigation the ***PILGRIM'S PRIDE CORPORATION***'s hostile work environment, retaliation would be revealed.  *Federal Exp. Corp. v. Holowecki*, 552 U.S. 389, (2008), 128 S.Ct. 1147

(2008); *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 577-78 (5th Cir. 1993); *Martinez v. Potter,* 347 F.3d 1208 at 1210 (10th Cir. 2003); *Deravin v. Kerik,* 335 F.3d 195, 200-01 (2d Cir. 2003).

11.     Shortly after Plaintiff filed his initial charge of discrimination against the **PILGRIM'S PRIDE CORPORATION**, with the United States Equal Employment Opportunity Commission ("EEOC"), the **PILGRIM'S PRIDE CORPORATION**, its supervisors, managers and others, increased their retaliation against Plaintiff.

12.     In conformance with the law, Plaintiff has filed this action subsequent to the expiration of ninety (90) days from the date of receiving his right to sue letter from the EEOC and within two (2) years after Defendant willfully violated Plaintiff's rights. Plaintiff received his Notice of Rights aka "right to sue" letter from the EEOC; dated April 12, 2015.  On or about July 10, 2015, Plaintiff filed his Original Complaint and Jury Demand (Dkt. #1) with this Court.  Plaintiff has exhausted all administrative remedies; therefore all conditions precedent to the Plaintiff maintaining this civil action have accrued, occurred, or been waived.  *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005).

## VI. CONDITIONS PRECEDENT

13.     All conditions precedent; to Plaintiff bringing his claims against the **PILGRIM'S PRIDE CORPORATION**, for race discrimination, color discrimination, disparate treatment employment discrimination, discrimination impact employment discrimination, retaliation and failure to promote have either been performed, have occurred or have been waived.

14.     All conditions precedent; to Plaintiff bringing his claims against the **PILGRIM'S PRIDE CORPORATION**, for hostile work environment have either been performed,

have occurred or have been waived.

## VII. PROTECTED CLASS MEMBERSHIP

15.    This lawsuit is brought under 42 U.S.C. §2000e et. seq. (Title VII) and its counterpart 42 U.S.C. §1981. Title VII and §1981 prohibit employers from discriminating "against any individual with respect to their compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex or national origin. *See:* 42 U.S.C. §2000e-2(a) and 42 U.S.C. §1981.

16.    Plaintiff identifies that he is a member of the following protected classes:

    a)    race-(African American); and
    b)    color-(dark skin tone); and
    c)    Complained to his supervisors, HR Department, managers, directors and filed complaint with EEOC concerning unlawful employment conditions; and
    d)    retaliation prohibited; and
    e)    file his original complaint with this court; and
    f)    other applicable laws.

17.    Plaintiff identifies that he is a member of one or more of the protected classes identified in paragraphs 15-16 above as defined within the Texas Commission on Human Rights Act (TCHRA) which has been codified into Chapter 21 of the Texas Labor Code and other Texas Statutes.

## IX. STATEMENT OF UNDISPUTED MATERIAL FACTS

18.    Plaintiff **CARL R. TITUS**, is an African American.

19.    Plaintiff **CARL R. TITUS**, has dark skin tone.

20.    Plaintiff **CARL R. TITUS**, was at all times material herein qualified for the position of "shop attendant," washing trucks and trailers; and truck shop attendant changing oil and filters.

21.     Plaintiff **CARL R. TITUS**, was at all times material herein an employee within the definition of 42 U.S.C. §2000e(f) of the **PILGRIM'S PRIDE CORPORATION**.

22.     Defendant **PILGRIM'S PRIDE CORPORATION**, is a Delaware Corporation with its principal local place of business located in Mt. Pleasant, Titus County, Texas.

23.     Defendant **PILGRIM'S PRIDE CORPORATION** was at all times material herein an employer as defined in 42 U.S.C. §2000e(b) for the reasons of: a) having engaged in an industry affecting commerce and b) who has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

24.     Defendant **PILGRIM'S PRIDE CORPORATION** is an employer with over 501 employees in 2014 and 2015.

## X. STATEMENT OF FACTS

*Chronology of Events - Paragraphs 25 – 47*

25.     Plaintiff was hired in 2009 as a "shop attendant" at the Pilgrim's Pride Corporation, Mt. Pleasant, Texas location by Defendant.

26.     On November 20, 2014, Plaintiff was awarded a "Certificate of Service" in recognition and appreciation for five (5) years of loyal and faithful service to Pilgrim's Pride Corporation.

27.     In the last couple of years Defendants' discriminatory actions have included but are not limited to: 1) utterance of derogatory racial comments; 2) reduction of hours, which resulted in a corresponding reduction in pay; 3) negatively changing Plaintiffs' working conditions; 4) failing to promote Plaintiff; 5) Plaintiff's supervisors, managers and some co-workers routinely talking in a harsh, hostile manner towards Plaintiff, behavior not use toward other employees; 6) failing to give Plaintiff raises

equal to Plaintiffs' counterparts; 7) not paying Plaintiff the same as Defendant pays Plaintiffs' counterparts; and 8) continuously: a) making demeaning remarks, b) of color jokes, c) ridiculing, d) negative comments and e) negative innuendos toward Plaintiff, among other things.

28.     During Plaintiff's employment with Defendant; Plaintiff asked his supervisor more than three (3) times about a better paying position inside the truck shop, changing oil and filters and although a position was open, Plaintiff was denied the opportunity each time, while other non-African American employees with six (6) months or less seniority were moved to better paying positions.

29.     On one (1) specific occasion Plaintiff ask his supervisor to be given the open position in the parts room, however his supervisor told Plaintiff "NO" and within two (2) weeks Plaintiffs' supervisor hired a non-African American from outside with "NO" seniority, less education and less experience than Plaintiff to fill the open position within the parts room.

30.     During Plaintiff's employment with Defendant; Plaintiff on three (3) different occasions requested a transfer where each request was denied.

31.     On more than one (1) occasion Defendant posted open positions however when Plaintiff applied and requested he be given the position, rather than give Plaintiff the position, Defendant told Plaintiff it decided not to fill the position.

32.     On or about May 6, 2014, Plaintiff applied for the open position of "computer batch operator" however Defendant filled the position with a non-African American with less seniority, less education and less experience than Plaintiff.

33.     On or about May 15, 2014, Plaintiff applied for the open position of "pretreatment operator" however Defendant filled the position with a non-African American with less seniority, less education and less experience than Plaintiff.

34.     The discrimination is so obvious against Plaintiff that on multiple occasions Plaintiff's coworkers have encouraged Plaintiff to report these actions to Human Resources as discrimination.

35.     Plaintiff complained numerous times directly to his supervisor about the discriminatory behavior, however nothing was done and the discriminatory behavior continued.

36.     Plaintiff complained to Human Resources about the discriminatory behavior, however nothing was done and the discriminatory behavior continued.

37.     Unfortunately, Human Resources took no real action to either investigate or remedy the situation.   Instead, Human Resources and Plaintiffs' supervisor simply closed the file and the discriminatory behavior continued.

38.     Since making complaints of discrimination, Plaintiff has been retaliated against.

39.     This retaliation includes but is not limited to: 1) utterance of derogatory racial comments; 2) reduction of hours, which resulted in a corresponding reduction in pay; 3) negatively changing Plaintiffs' working conditions; 4) failing to promote Plaintiff; 5) Plaintiff's supervisors, managers and some co-workers routinely talking in a harsh, hostile manner towards Plaintiff, behavior not use toward other employees; 6) failing to give Plaintiff raises equal to Plaintiffs' counterparts; 7) not paying Plaintiff the same as Defendant pays Plaintiffs' counterparts; and 8) continuously: a) making demeaning remarks, b) of color jokes, c) ridiculing, d) negative comments and e) negative

innuendos toward Plaintiff; 8) Defendant giving Plaintiff lower raises than his counterparts; 9) Defendant's written polices being applied differently to Plaintiff than other employees; 10) the Defendant knew or should have known about the harassment, discrimination and treatment but failed to take prompt, remedial action.

40.     Plaintiff suffered the following **adverse employment actions** among other actions: a) changes in the working conditions of Plaintiff, b) changes in job duties of Plaintiff, c) Defendant failing to promote Plaintiff causing Plaintiff to lose wages, d) Plaintiff not receiving pay increases equal to those given Plaintiff's coworkers, e) Plaintiff being denied benefits, f) Plaintiff being denied opportunities for increased compensation, g) Plaintiff receiving a reduction in hours, h) elimination of open positions to prevent Plaintiff from being promoted, i) work environment that denies Plaintiff an opportunity to succeed, j) work environment that denies Plaintiff an opportunity to be promoted, n) failure to apply and enforce Defendants written policies equally among all employees, o) failure to enforce Defendants written discrimination policy, p) failure to enforce Defendants written harassment policy, q) ongoing race and color discrimination through intimidation, ridicule and insults.

41.     As a result of Defendants harassment and discriminatory conduct negatively affected Plaintiffs' health to the point where Plaintiff had to seek medical treatment.

42.     During Plaintiff's employment with the **PILGRIM'S PRIDE CORPORATION** he had never received any discipline.

43.     Since October 2014 the discrimination and harassment of Plaintiff has substantially increased.

44.     On or about September 1, 2014 Plaintiff filed his Charge of Discrimination with the Texas Workforce Commission Civil Rights Division and the United States Equal

Employment Opportunity Commission.

45.     Around September 10, 2014 the **_PILGRIM'S PRIDE CORPORATION_** received the Charge of Discrimination filed with the Texas Workforce Commission Civil Rights Division and the United States Equal Employment Opportunity Commission by Plaintiff since that time the discrimination and harassment of Plaintiff has increased tenfold.

46.     As a result of the increased discrimination and harassment combined with the adverse employment actions, Plaintiffs' stress level was elevated which exacerbated Plaintiffs' medical conditions.

47.     On or about July 10, 2015 Plaintiff filed his Original Complaint with Jury Demand (Dkt. #1) with the Clerk of the United States District Court for the Eastern District of Texas, Texarkana Division.

## XI. DAMAGES

48.     As a direct and proximate consequence of Defendant's unlawful and discriminatory employment policies and practices, Plaintiff has suffered losses including, but not limited to, front pay, back pay, costs of court, legal expenses, expert fees, mediation fees and attorney fees, mental anguish, humiliation and emotional distress in the past and future, prejudgment and post judgment interest, benefits, special damages, expenses, medical expenses, liquidated damages, and punitive damages, all to be specified at trial, any injunctive relief deemed appropriate and available under the statutes which Plaintiff brings this action as well as any and all other relief deem just either in equity or law.

## XII. CAUSES OF ACTION

**COUNT ONE – RACE & COLOR DISCRIMINATION**
**42 U.S.C. §2000e-2(a)(1) & 42 U.S.C. §1981**
**IN THE WORKPLACE AT THE PILGRIM'S PRIDE CORPORATION**

49.     Defendant, **PILGRIM'S PRIDE CORPORATION** has violated 42 U.S.C. §2000e-2(a)(1), 42 U.S.C. §1981, Chapter 21 of the Texas Labor Code and other similar state statutes.

50.     Plaintiff repeats and re-alleges Paragraphs 18 through 24.

51.     Plaintiff is a dark skin toned, African American.

52.     Plaintiff repeats and re-alleges Paragraphs 25 through 47.

53.     Plaintiff has established his prima facia case of race and color discrimination.

54.     At all times material herein the **PILGRIM'S PRIDE CORPORATION** had written policies prohibiting harassment and discrimination; however the **PILGRIM'S PRIDE CORPORATION** did not apply and enforce those policies within its workplace.

55.     At all times material herein the **PILGRIM'S PRIDE CORPORATION** did not apply and enforce its policies equally on Plaintiff and other employees.

56.     The **PILGRIM'S PRIDE CORPORATION**'s unilateral actions constitute unlawful discrimination under federal and state law.  Specifically Plaintiff's race (African American) and color was a motivating factor in the **PILGRIM'S PRIDE CORPORATION**'s and others acts, malfeasance and omissions complained of herein.

57.     Even before Plaintiff filed this lawsuit, the **PILGRIM'S PRIDE CORPORATION** knew of the existing race and color discrimination, had knowledge of the retaliatory actions and adverse employment actions suffered by Plaintiff but took no action to stop same.

58.     The unlawful employment practices complained of herein were intentional.

59.     Plaintiff suffered damages as alleged in Section XI.

**COUNT TWO – DISPARATE TREATMENT EMPLOYMENT DISCRIMINATION**
**42 U.S.C. §2000e-2 and 42 U.S.C. §1981**
**IN THE WORKPLACE AT THE PILGRIM'S PRIDE CORPORATION**

60.     Defendant, ***PILGRIM'S PRIDE CORPORATION*** has violated 42 U.S.C.

§2000e-2, 42 U.S.C. § 1981, Chapter 21 of the Texas Labor Code and other similar

state statutes.

61.     Plaintiff repeats and re-alleges Paragraphs 18 through 24.

62.     Plaintiff is a dark skin toned, African American, male.

63.     Plaintiff repeats and re-alleges Paragraphs 25 through 47.

64.     Plaintiff has established his prima facia case of disparate treatment

employment discrimination.

65.     Defendant discriminated against Plaintiff because he is a dark skin toned,

African American, male.  However, Defendant has not discriminated against similarly

situated non-dark skin toned, African American, males.  Defendant treated Plaintiff

differently than similarly situated non-dark skin toned, African American, males.

66.     Defendant took adverse employment actions against Plaintiff as outlined in

paragraph 40 above.   However, Defendant has not taken the same adverse

employment actions against similarly situated non-dark skin toned, African American,

male employees.  Defendant treated Plaintiff differently than similarly situated non-

dark skin toned, African American, male employees because of his race and color.

67.     Defendant is a sophisticated employer that is fully aware of its duty to not

discriminate against any individuals on account of their race and color.  Despite this

knowledge, Defendant acted recklessly and without regard to Plaintiff's federally

protected civil rights. Plaintiff demands judgment against Defendant for punitive damages.

68.    The unlawful employment practices complained of herein were intentional.

69.    Plaintiff suffered damages as alleged in Section XI.

### COUNT THREE – DISPARATE IMPACT EMPLOYMENT DISCRIMINATION
### 42 U.S.C. 2000e-2(a)
### IN THE WORKPLACE AT THE PILGRIM'S PRIDE CORPORATION

70.    Defendant, **PILGRIM'S PRIDE CORPORATION** has violated 42 U.S.C. §2000e-2(a), Chapter 21 of the Texas Labor Code and other similar state statutes.

71.    Plaintiff repeats and re-alleges Paragraphs 18 through 24.

72.    Plaintiff is a dark skin toned, African American, male.

73.    Plaintiff repeats and re-alleges Paragraphs 25 through 47.

74.    Plaintiff has established his prima facia case of disparate impact employment discrimination.

75.    Plaintiff was qualified for his position with Defendant.

76.    Defendant took adverse employment actions against Plaintiff as outlined in paragraph 40 above.

77.    Defendant never told Plaintiff why they were taking adverse employment actions against him.

78.    As recently as April, 2015, Plaintiff reiterated his harassment and discrimination complaints to Defendant, however no action was taken. Defendant continually praises its written policies against harassment and discrimination, progressive discipline, coaching for success to make employment decisions. Such policies, while facially neutral, have a disproportionate and disparate impact on employees who have dark skin tone and whose race is African American.

79.   The unlawful employment practices complained of herein were intentional.

80.   Plaintiff suffered damages as alleged in Section XI.

**COUNT FOUR - HOSTILE WORK ENVIRONMENT**
**42 U.S.C. §2000e & 42 U.S.C. §1981**
**IN THE WORKPLACE AT THE PILGRIM'S PRIDE CORPORATION**

81.   Defendant, **PILGRIM'S PRIDE CORPORATION** has violated 42 U.S.C. §2000e, 42 U.S.C. § 1981, Chapter 21 of the Texas Labor Code and other similar state statutes.

82.   Plaintiff repeats and re-alleges Paragraphs 18 through 24.

83.   Plaintiff is a dark skin toned, African American, male.

84.   Plaintiff repeats and re-alleges Paragraphs 25 through 47.

85.   Plaintiff has established his prima facia case of hostile work environment.

86.   The **PILGRIM'S PRIDE CORPORATION** knowingly allowed the ridicule, insults, rumors and innuendoes concerning Plaintiff, especially about his being a dark skin toned, African American, male, over forty (40) years of age and about his work product and reputation to continue unabated which contributed to the hostile work environment.

87.   The **PILGRIM'S PRIDE CORPORATION** took NO steps to reduce or eliminate the hostile work environment, especially when Plaintiff requested the adverse employment actions, ridicule, insults, rumor and innuendos to stop; however the **PILGRIM'S PRIDE CORPORATION** refused to honor said request.

88.   As a result of the **PILGRIM'S PRIDE CORPORATION**'s failure to honor Plaintiff's request, the adverse employment actions, ridicule, insults, rumors and innuendos increased at the workplace, to the point where Plaintiff was overwhelmed and exhausted thereby aggravating Plaintiff's medical condition.

89.    Although the **PILGRIM'S PRIDE CORPORATION** knew of the hostile work environment, the **PILGRIM'S PRIDE CORPORATION** took NO remedial action to stop the hostile work activities and prevent those types of unlawful activities from occurring in the future.

90.    In fact not only did the **PILGRIM'S PRIDE CORPORATION** not take any remedial action to stop the hostile work environment, the **PILGRIM'S PRIDE CORPORATION** managers and supervisors themselves contributed to the hostile work environment.

### MENTAL ABUSE BY THE PILGRIM'S PRIDE CORPORATION MANAGEMENT, SUPERVISORS & OTHERS IN THE HOSTILE WORKPLACE AT THE PILGRIM'S PRIDE CORPORATION

91.    The **PILGRIM'S PRIDE CORPORATION**'s management, supervisors & others including supervisors of Plaintiff willingly, knowingly and intentionally, by their acts or failure to act subjected Plaintiff to mental abuse.

92.    Plaintiff was subjected to direct mental abuse, bullying and intimidation from the **PILGRIM'S PRIDE CORPORATION**'s management, supervisors & others including but not limited to supervisors of Plaintiff, when they harassed, discriminated, failed to promote, failed to equally apply and enforce written policies equally among all employees, failed to enforce its harassment and discrimination written policy, and subjected Plaintiff to adverse employment actions all the while treating non-dark skin toned, African American employees differently.   The **PILGRIM'S PRIDE CORPORATION**'s selective application of a facially neutral policy is evidence of pretext, as many courts have concluded.   See:   *E.E.O.C. v. Louisiana Office of Community Services*, 47 F.3d 1438, 1445-46 (5th Cir. 1995); see also: *Jenkins v. Ball Corp.*, 140 F. App'x 519, 526 (5th Cir. 2005).

93.    Plaintiff was subjected to direct mental abuse, bullying and intimidation from the ***PILGRIM'S PRIDE CORPORATION***'s management, supervisors & others including but not limited to supervisors of Plaintiff, when they caused Plaintiff to endure the adverse employment actions as outlined in paragraph 40 above.

94.    By the ***PILGRIM'S PRIDE CORPORATION***'s failure and refusal to stop the mental abuse, discrimination, hostile work environment, harassment and discriminatory conduct caused Plaintiff to suffer severe emotional distress which exacerbated Plaintiff other medical conditions.

95.    The ***PILGRIM'S PRIDE CORPORATION*** knew that continuing to allow the mental abuse, discrimination, hostile work environment, harassment and discriminatory conduct to continue created a high degree of risk of harm to Plaintiff and others; however the ***PILGRIM'S PRIDE CORPORATION*** deliberately proceeded to act in conscious disregard of with indifference to that rise.

96.    Plaintiffs' severe emotional distress includes painful emotional reactions, such as; embarrassment, shame, humiliation, difficulty sleeping, emotional physical manifestations from stress, depression and worry.

97.    The ***PILGRIM'S PRIDE CORPORATION***, management, supervisors and others extreme and outrageous conduct was intensified with their day-to-day harassing conduct aimed at Plaintiff, which proximately caused severe emotional distress to Plaintiff.

98.    The ***PILGRIM'S PRIDE CORPORATION*** failed to take any action, failed to take remedial action, failed to discipline its employees, failed to separate the employees, and/or failed to take corrective action all the while encouraging a hostile work environment.

99.   The *PILGRIM'S PRIDE CORPORATION* managers and supervisors and others, by their acts or failure to act herein supported the ongoing hostile work environment.

100.   All of the events outlined here in totality establishes a hostile work environment exist at the *PILGRIM'S PRIDE CORPORATION*.

101.   The unlawful employment practices complained of herein were intentional.

102.   Plaintiff suffered damages as alleged in Section XI.

### COUNT FIVE – RETALIATION
### 42 U.S.C. 2000e-3(a) & 42 U.S.C. §1981
### IN THE WORKPLACE AT THE PILGRIM'S PRIDE CORPORATION

103.   Defendant, *PILGRIM'S PRIDE CORPORATION* has violated 42 U.S.C. §2000e-3(a), 42 U.S.C. §1981, Chapter 21 of the Texas Labor Code and other similar state statutes.

104.   Plaintiff repeats and re-alleges Paragraphs 18 through 24.

105.   Plaintiff participated in a protected activity.  42 U.S.C. §2000e-3(a); *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 427-28 (5th Cir. 2000).

106.   Plaintiff suffered adverse employment actions as outlined in paragraph 40 above.  But for Plaintiffs' participation in protected activity, Plaintiff would not have been subjected to the discrimination, harassment and adverse employment actions described herein.  *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 523 (5th Cir. 2008); see also: *Group Von Graupen v. Burlington Coat Factory of Tex., L.P.*. 2013 U.S. Dist. LEXIS 37547; 2013 WL 1143359.

107.   Plaintiff repeats and re-alleges Paragraphs 25 through 47.

108.   Plaintiff has established his prima facia case of retaliation.

109.   The **PILGRIM'S PRIDE CORPORATION** managers, supervisors and others retaliation against Plaintiff during 2014 & 2015 through the present include, but not limited to:

1)   The **PILGRIM'S PRIDE CORPORATION** and others uttering unproductive disparaging remarks to Plaintiff; and

2)   The **PILGRIM'S PRIDE CORPORATION**, management, supervisors and others undermining Plaintiff; and

3)   The **PILGRIM'S PRIDE CORPORATION**, management, supervisors and others creating events at the workplace to cause more stress and aggravation for Plaintiff; and

4)   The **PILGRIM'S PRIDE CORPORATION**, management, supervisors and others, blatantly discriminating against Plaintiff;

5)   The **PILGRIM'S PRIDE CORPORATION**, management, supervisors and others causing adverse employment actions as outlined in paragraph 40 above.

6)   The **PILGRIM'S PRIDE CORPORATION**, management, supervisors and others depriving Plaintiff from him of his federally protected rights;

7)   The **PILGRIM'S PRIDE CORPORATION**, management, supervisors and others depriving Plaintiff from him of his Rights protected by the State of Texas;

8)   The **PILGRIM'S PRIDE CORPORATION**, management, supervisors and others using the "good ole boy" system within the workplace at the **PILGRIM'S PRIDE CORPORATION**; and

9)   The **PILGRIM'S PRIDE CORPORATION**, management, supervisor and others using a systematic scheme to provide better employment opportunities and

benefits to non-dark skin toned, African American individuals, family, relatives, friends and associates; and

110.    Most if not all of the acts complained of within this entire Complaint were retaliatory in nature and directed toward Plaintiff.

111.    It is unlawful to retaliate against an individual for opposing discriminatory employment practices or for filing a discrimination charge, testifying, or participating in any way in an investigation, proceeding, or litigation under Title VII of the Civil Rights Act of 1964, the Texas Labor Code and other similar statutes.

112.    During the course of Plaintiff's employment, the **PILGRIM'S PRIDE CORPORATION**, acting through its management, supervisors, agents and vice principals, in a continuous course of conduct, discriminated against Plaintiff in the terms, conditions and privileges of his employment due to his race and color due to retaliation for having participated in an EEOC proceeding and for having opposed conduct which he had a good faith belief was unlawful and/or discriminatory on the basis of race and color and for retaliation including in that:

> Defendants, through their agents, supervisors and/or employees, in a continuing course of conduct, subjected Plaintiff to retaliation, discrimination and harassment in the terms, conditions, and privileges of his employment in retaliation for his filing a charge of discrimination with the EEOC and/or participating in a proceeding with that agency against his employer and/or because he opposed discrimination and retaliation at Defendants place of employment. Plaintiff also asserts that the Defendant has engaged in race and color discrimination by its acts, in the violation of the law.

**VICARIOUS LIABILITY**
**RESPONDEAT SUPERIOR - RATIFICATION**
**IN THE WORKPLACE AT THE PILGRIM'S PRIDE CORPORATION**

113.    The acts of the **PILGRIM'S PRIDE CORPORATION** including but not limited to Plaintiff's managers, supervisors and co-workers were performed while in the

employment of the **PILGRIM'S PRIDE CORPORATION** and were within the course and scope of that employment or within the authority delegated to the employee.

114.    Therefore the conduct of the **PILGRIM'S PRIDE CORPORATION** including but not limited to Plaintiff's managers, supervisors and co-workers toward Plaintiff as outlined herein was performed while in the employment of the **PILGRIM'S PRIDE CORPORATION**.

115.    Further the conduct of the **PILGRIM'S PRIDE CORPORATION** including but not limited to Plaintiff's managers, supervisors and co-workers toward Plaintiff as outlined herein was approved by the **PILGRIM'S PRIDE CORPORATION** as the **PILGRIM'S PRIDE CORPORATION** took no steps to change, alter, stop or modify said conduct.

116.    At the time of the conduct of the **PILGRIM'S PRIDE CORPORATION** including but not limited to Plaintiff's managers, supervisors and co-workers were acting on the **PILGRIM'S PRIDE CORPORATION**'s behalf.

117.    After the events complained of the **PILGRIM'S PRIDE CORPORATION** was fully aware of the actions of its managers and supervisors and the **PILGRIM'S PRIDE CORPORATION** including but not limited to Plaintiff's managers, supervisors and co-workers and approved them by the **PILGRIM'S PRIDE CORPORATION**'s acts or failure to act.

118.    The **PILGRIM'S PRIDE CORPORATION** approved of the conduct of its employees, including but not limited to Plaintiff's managers, supervisors' and co-workers acts with intent to validate them.

119.   Therefore the **PILGRIM'S PRIDE CORPORATION** is liable for the acts of its employees, including but not limited to Plaintiff's managers, supervisors' and co-workers as outlined herein.

120.   The unlawful employment practices complained of herein were intentional.

121.   Plaintiff suffered damages as alleged in Section XI.

### COUNT SIX – FAILURE TO PROMOTE
### 42 U.S.C. §1981
### IN THE WORKPLACE AT THE PILGRIM'S PRIDE CORPORATION

122.   Defendant, **PILGRIM'S PRIDE CORPORATION** has violated 42 U.S.C. §2000e-2(a)(1), 42 U.S.C. §1981, Chapter 21 of the Texas Labor Code and other similar state statutes.

123.   Plaintiff repeats and re-alleges Paragraphs 18 through 24.

124.   Plaintiff is a dark skin toned, African American, male.

125.   Plaintiff repeats and re-alleges Paragraphs 25 through 47.

126.   Plaintiff has established his prima facia case of failure to promote.

127.   **Failure to Promote** - A failure to promote claim involves any employee who is not selected for a promotion because he or she is a member of a protected group.  In this case the Plaintiff is a member of more than one protected group as outlined in section VII above because he is a dark skin toned, African American, male, who participated in filing charges with the United States Equal Employment Opportunity Commission.

128.   Plaintiff applied for and was qualified for several positions in 2014 and 2015; however Defendant always denied Plaintiff the opportunity by a) selecting a non-dark skin toned, African American, with little or no seniority, considerable less education and less experience than Plaintiff, to fill the position or b) after posting eliminated the

position to prevent having to promote Plaintiff.

129.    The selection process for the 2014 and 2015, open positions for which Plaintiff applied or request to be given, was made not based upon seniority, qualifications, education and experience, but on Plaintiffs' race (African American) and color (dark skin toned), pure blatant discrimination.

130.    **PILGRIM'S PRIDE CORPORATION** without justification has repeatedly failed to promote Plaintiff for years, which discrimination continues to this day.

131.    **PILGRIM'S PRIDE CORPORATION** has no reasonable justification for its failure to promote Plaintiff.

132.    **PILGRIM'S PRIDE CORPORATION** has no legal justification for its failure to promote Plaintiff.

133.    **PILGRIM'S PRIDE CORPORATION** discriminated against Plaintiff through failing to promote Plaintiff time and again.  Plaintiff knows this has been a continuing pattern for years based on his observations and assorted documentation, where few dark skin toned, African Americans have been selected for promotion into the management ranks of the **PILGRIM'S PRIDE CORPORATION**.

134.    The unlawful employment practices complained of herein were intentional.

135.    Plaintiff suffered damages as alleged in Section XI.

## XIII. INJUNCTIVE RELIEF

136.    Plaintiff restates, realleges, reavers and hereby incorporates by reference any and all allegations contained herein, inclusive.  In addition, Plaintiff alleges that the **PILGRIM'S PRIDE CORPORATION**'s discriminatory actions outlined herein must be enjoined by this Court in order to force the **PILGRIM'S PRIDE CORPORATION** to comply with the law.  It is suggested that the injunction be specific in enjoining the

**PILGRIM'S PRIDE CORPORATION**, its management, supervisors, officers, agents, successors, employees, attorneys, assigns and other representatives, and all those acting in concert; or participation with them and at their direction, from engaging in any employment policy or practice shown to discriminate against Plaintiff in violation of Title VII on the basis of Race and Color and or like state statutes.

137. That this Court retain jurisdiction for five (5) years to make sure the **PILGRIM'S PRIDE CORPORATION** is complying with the law.

## XIV. DEMAND FOR A TRIAL BY JURY

138. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action. *See also:* U.S. Const. Amend. 7. In accordance with the Federal Rules, this jury demand is being filed with the Clerk of the United States District Court for the Eastern District of Texas, Texarkana Division as required by Fed. R. Civ. P. 5(d) and Fed. R. Civ. P. 38(b).

## XV. PRAYER

**WHEREFORE**, Plaintiff respectfully prays this Court to:

a. The **PILGRIM'S PRIDE CORPORATION** be summoned to appear and answer herein; and

b. Issue findings of fact and conclusions of law that the **PILGRIM'S PRIDE CORPORATION**'s acts, practices, and procedures, subjected Plaintiff to Race Discrimination, Color Discrimination, Disparate Treatment Employment Discrimination, Disparate Impact Employment Discrimination, Hostile Work Environment, Retaliation, Failure to Promote and as complained of herein violated Plaintiff's rights as secured under Title VII or like state statutes; and:

c. Grant to Plaintiff a permanent injunction enjoining the **PILGRIM'S PRIDE**

*CORPORATION*'s, its management, supervisors, officers, agents, successors, employees, attorneys, assigns and other representatives, and all those acting in concert; or participation with them and at their direction, from engaging in any employment policy or practice shown to discriminate against Plaintiff in violation of Title VII on the basis of Race, Color and Sex and or like state statutes; and

d. Grant to Plaintiff a judgment for damages, for Race Discrimination, Color Discrimination, Hostile Work Environment, Disparate Treatment Employment Discrimination, Disparate Impact Employment Discrimination, Retaliation and Failure to Promote against the *PILGRIM'S PRIDE CORPORATION* in an amount within the jurisdictional limits of this Court; and

e. Retain jurisdiction over this action to assure full compliance with the orders of this Court and with applicable law;

f. Award Plaintiff judgment for his damages for mental abuse, pain and suffering, mental anguish and for the humiliation caused by the *PILGRIM'S PRIDE CORPORATION*'s unlawful treatment in an amount within the jurisdictional limits of this Court; and

g. Plaintiff prays for an award of punitive damages in an amount believed by the Court to be appropriate to punish the *PILGRIM'S PRIDE CORPORATION* for the willful and malicious misconduct and necessary to deter the *PILGRIM'S PRIDE CORPORATION* from engaging in such misconduct in the future, in an amount within the jurisdictional limits of this Court; and

h. Plaintiff prays that the Court award Plaintiff costs and expenses of this action and award Plaintiff reasonable attorney fees as provided in Title VII, 42 U.S.C.

§2000e-5(k), 42 U.S.C. §1981, Texas Labor Code Chapter 21 and or like state statutes;

i.  Plaintiff, in accordance with his rights under the United States and Texas Constitutions, and statutory rights under Title VII 42 U.S.C. §2000e-5(k) and or like state statutes demands a trial by jury on issues triable to a jury;

j.  Pre-judgment interest accruing at the rate of Six per cent (6%) per annum[1] from September 1, 2014 until the date of judgment;

k.  Post-judgment interest at the rate of Eighteen per cent (18%) per annum or at the highest legal or contractual rate allowed by law from the date of judgment until the judgment is paid;

l.  Judgment in the amount of Seventy Five Thousand Dollars **($75,000.00)** as initial attorney's fees plus additional attorney's fees when incurred in prosecution of this lawsuit, if Defendant does not appeal this judgment this to the Fifth Circuit Court of Appeals and time for appeal to that court has expired, Defendant shall be entitled to a remittitur of Five Thousand Five Hundred Dollars ($5,500.00), against the judgment for attorney's fees; and if Defendant does not appeal from the Court of Appeals to the Supreme Court of the United States and time for that appeal has expired, Defendant shall be entitled to a remittitur of Four Thousand Five Hundred Dollars ($4,500.00) against the judgment for attorney's fees;

m. All costs of court;

---

[1] If no specific rate of interest is agreed on by the parties, 6 percent annual interest, starting thirty days after the amount is due and payable, maybe charged.  Tex. Const. art. XVI, § 11; Tex. Fin. Code Ann. §302.002 (Vernon Supp. 2003); see: *Miner-Dederick Construction Corp. v. Mid-County Rental Service, Inc.*, 603 S.W.2d 193, 200 (Tex. 1980).  This is sometimes referred to as "legal Interest."  T Fin C §§ 301.002(a)(8), 302.002.

n. All expert witness fees incurred in the preparation and prosecution of this action;

o. All court reporter fees incurred in the preparation and prosecution of this action;

p. Plaintiff be awarded damages as outlined in Section XI, paragraph 48 above; and

q. Plaintiff be granted all writs necessary to enforce the judgment of this Court; and

r. Plaintiff shall be awarded such other, further relief as the nature of the case may require or as may be determined to be just, equitable, or proper by the Court.

Respectfully submitted, this 10th day of July, 2015.

**/s/ Hiram McBeth**
Hiram McBeth, Esq.
State Bar No. 13329500
MCBETH LAW OFFICE
6060 N. Central Expressway, Suite #560
Dallas, Texas 75206
Telephone: (972) 498-8702
Facsimile:  (972) 680-4411
***ATTORNEY FOR PLAINTIFF***
***CARL R. TITUS***